## Case No. 5,317.

### ·The GENERAL McCULLUM.

[S Ben. 437.] 1

District Court. E. D. New York. May. 1876.

COLLISION AT PIER—STEAMBOAT AND CANAL-BOAT —PLEADINGS AND PROOF.

1. Where a steamboat in coming into her berth at a pier, backed against the canal-boat B. that had just swung her stern out from the pier, holding on by a line at her bow; and, although warned from the canal-boat, pushed her against the stern of another boat, the R. the rudder of which had become unshipped. and a projecting iron thus left exposed pierced the side of the B.: *Held*, that the steamboat was liable for the damages so caused to the canal-boat, the manoeuvre being needless and against warning, and such as the canal-boat was not bound to anticipate and provide against.

2. The defences urged by the steamboat of negligence on the part of the canal-boat were not set up in the answer nor sustained by the proofs.

3. The canal-boat was not in fault for not interposing a fender between her side and the stern of the other canal-boat.

In admiralty.

Beebe, Wilcox & Hobbs, for libellants.

R. D. Benedict and Shipman, Barlow, Laroque & McFarland, for claimants.

## Case No. 5,318.

### The GENERAL McCULLUM.

[9 Ben. 31.] 1

District Court, E. D. New York. Jan., 1877.2

CARRIER—BILL OF LADING—ABANDONMENT—PRIVATE SALE OF DAMAGED CARGO—EVIDENCE.

1. A cargo of barley on a canal-boat was wet in consequence of a collision, and suit for dam-

1 [Reported by Robert D. Benedict. Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

1 [Reported by Robert D. Benedict. Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

2 [Affirmed by circuit court (Case not reported.)]

ages for the collision being brought by the master and recovery had therefor, exceptions were taken to the report of the commissioner fixing the damage to the cargo at $1000: *Held*, that the evidence showed an abandonment of the cargo to the insurers; that the taking of the grain by the original purchasers at the contract price less the sum paid by the insurance company to the shipper was in legal effect a private sale of the cargo as damaged: that there being no opportunity to obtain a sale at auction under the circumstances, such a private sale, with the testimony of the experts as to the amount of damage, was sufficient to warrant the finding of the commissioner.

2. The liability of a carrier is not diminished by the absence of a bill of lading, and his right to recover for damage to cargo depends upon his possession as a carrier at the time of the accident.

[This was a libel by the owner of the canal-boat John F. Barker against the steamboat General McCullum to recover for damages caused by the sinking of the canal-boat. A decree was entered in favor of the libellant, and the cause referred to a commissioner to ascertain the damages. Case No. 5,317.]

Beebe, Wilcox & Hobbs, for libellant.

R. D. Benedict and Shipman, Barlow, Laroque & McFarland, for claimant.

BENEDICT, District Judge. In this case it has been contended, upon exceptions taken to a commissioner's report of the amount of damage sustained by the sinking of a boat loaded with barley, that the evidence fails to sustain the right of the master of the boat to recover for the injuries to his cargo, because there is no evidence of the existence of any bill of lading or that any one has made a claim against the master or his vessel by reason of the damage to the cargo. The answer to this objection, if it can be taken at all at this stage of the proceedings, after interlocutory decree in favor of the master, is that the evidence shows the libellant's possession of the grain as a carrier. The liability of the carrier is not diminished by the absence of a bill of lading, and his right to recover depends upon the fact of his possession as a carrier at the time of the accident.

It is next objected that there is no proof of the amount of injury caused to the grain by the sinking in question.

The evidence is not so definite and full as it might have been, but it can be gathered from it that this cargo had been shipped on the libellant's boat by Franklin Edson & Co., to be transported and delivered on their account to J. S. & W. Brown; that the cargo was insured in the Mercantile Mutual Insurance Company; that when the boat sunk and before the cargo was received by J. S. & W. Brown, it was abandoned to the insurers, who accepted the abandonment and thereafter made an arrangement with J. S. & W. Brown, by which Brown agreed to take the cargo, to pay to Franklin Edson & Co. the price at which they had be-

fore agreed to take the grain if delivered in good order, less the sum of $1000. This latter sum the insurer paid to the shipper of the grain, and thus the loss to the shipper was fully made up. This arrangement was in legal effect a private sale of the grain in its damaged condition by the insurers to J. S. & W. Brown at $1000 less than the price fixed on by the parties as a sound price. There is no evidence to cast doubt upon the entire good faith of the transaction, and the circumstance that the arrangement was such as to make the amount of the depreciation in value agreed to by the insurer the measure of the liability of the insurer upon his policy, tends strongly to confirm the sale as affording a proof of the value of the property in its damaged condition. Moreover the grain was wet and in danger of total destruction in case of any delay. There was therefore no opportunity to obtain such a sale by auction as would afford a fair test of value; and Brown, who is proved to have been an expert, testifies that he examined the grain so as to determine the injury, and he confirms by his oath the correctness of the terms of the sale as an indication of the value of the property. The testimony of the agent of the insurer is to the same effect. I am therefore of the opinion that the evidence was sufficient to warrant the finding that the injury to the grain was $1000.

It should be added that the evidence, in addition to showing an abandonment of this cargo to the insurers, also shows a knowledge on their part of this action brought in the name of the master, and acquiescence therein. Their agent was also a witness to prove the damage. The case appears therefore to come within the principle of Madden v. The Tillie, decided in this district upon appeal [Case No. 14,049], where these circumstances were held sufficient to support a libellant's right to recover. The exceptions are therefore overruled and the report confirmed.

Affirmed by the circuit court on appeal, June 11, 1877. [Case not reported.]